# Supreme Court of Florida

_____

No. SC18-48
_____

**WILLIAM GREGORY THOMAS,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

December 28, 2018

PER CURIAM.

William Gregory Thomas appeals the postconviction court's order summarily denying his second successive postconviction motion requesting relief under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), filed under Florida Rule of Criminal Procedure 3.851.[1]

Thomas' claims involve two individuals who were incarcerated with Thomas, Ahmad Dixon, a testifying witness, and Adrian Cason, a potential witness, who Thomas alleges received favorable treatment in their own

_____

1. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

prosecutions in exchange for testifying or gathering evidence against him. Thomas asserts that the State violated *Brady* by not disclosing (1) evidence that the State had dropped charges against Dixon; and (2) evidence that the State no longer pursued the death penalty against Cason after he offered to assist the State in Thomas' prosecution. Thomas also asserts that the State violated *Giglio* by presenting or failing to correct false or misleading testimony regarding (1) whether Dixon faced any State court charges between his 1993 arrest and his 1994 testimony; and (2) whether Cason was promised a benefit specifically in exchange for assisting the State in Thomas' prosecution.

First, Thomas' claims are procedurally barred, as this evidence is not newly discovered. The record establishes that the information in his claims could have been discovered at an earlier date through the use of due diligence. *See* Fla. R. Crim. P. 3.851(d)(2)(A).

Moreover, even if Thomas' claims were not procedurally barred, his claims are without merit. Thomas failed to establish *Brady's* materiality prong. *See Mosley v. State*, 209 So. 3d 1248, 1258-59 (Fla. 2016) ("To meet the materiality prong, the defendant must demonstrate 'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " (quoting *Way v. State*, 760 So. 2d 903, 913 (Fla. 2000))). Nor did Thomas prove a *Giglio* violation. Even if we accept Thomas' allegations, any

false testimony of Dixon or Cason was not material.  *See Guzman v. State*, 868 So. 2d 498, 506 (Fla. 2003) ("Under *Giglio*, where the prosecutor knowingly uses perjured testimony, or fails to correct what the prosecutor later learns is false testimony, the false evidence is material 'if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.' . . . The State, as the beneficiary of the *Giglio* violation, bears the burden to prove that the presentation of false testimony at trial was harmless beyond a reasonable doubt." (quoting *United States v. Agurs*, 427 U.S. 97, 103 (1976))).

Accordingly, we affirm the postconviction court's summary denial of Thomas' successive motion for postconviction relief.

It is so ordered.

CANADY, C.J., and LEWIS, POLSTON, LABARGA, and LAWSON, JJ., concur.
QUINCE, J., concurs in result.
PARIENTE, J., concurs in result in part and dissents in part with an opinion.

NO MOTION FOR REHEARING WILL BE ALLOWED.

PARIENTE, J., concurring in result in part and dissenting in part.

I agree that Thomas is not entitled to relief on his *Brady*[2]/*Giglio*[3] claims regarding Dixon, but I would deny relief on the basis of prejudice rather than a procedural bar.  The per curiam opinion conflates the standards for *Brady/Giglio*

---

2.  *Brady v. Maryland*, 373 U.S. 83 (1963).

3.  *Giglio v. United States*, 405 U.S. 150 (1972).

claims with the standards for claims of "newly discovered evidence." While the per curiam opinion reasons that the claims are procedurally barred because the evidence is "not newly discovered" and could have been discovered through "due diligence," neither *Brady* nor *Giglio* contains a due diligence prong. Per curiam op. at 2. Rather, the focus in a *Brady* analysis is whether the State failed to disclose information favorable to the defendant; with *Giglio*, the critical inquiry is whether the State presented false testimony.

Further, I dissent from the per curiam opinion affirming the postconviction court's summary denial of Thomas's *Brady*/*Giglio* claims regarding Cason's deposition testimony. I would, instead, grant an evidentiary hearing to further develop this claim.

## BACKGROUND

On direct appeal, this Court explained the facts underlying Thomas's crimes, stating:

> Thomas planned the kidnapping and murder of his wife, Rachel, in order to avoid paying his part of a settlement agreement in their pending divorce. Thomas and a friend, Douglas Schraud, went to Rachel's house, September 12, 1991, the day before a substantial payment was due, and Thomas beat, bound, and gagged Rachel. When Rachel tried to escape by hopping outside, Thomas knocked her to the ground and dragged her back inside by her hair. He then put her in the trunk of her car and drove off. She was never seen again.

*Thomas v. State*, 693 So. 2d 951, 951 (Fla. 1997). In addition to Schraud's testimony at trial and other incriminating evidence, Thomas made "many

- 4 -

inculpatory statements and admissions." *Id.* at 952; *see id.* at 952 n.3. The *Brady* and *Giglio* claims arise from allegations regarding two of the individuals incarcerated with Thomas: Ahmed Dixon, who testified at Thomas's trial, and Adrian Cason, a potential witness who was deposed but did not testify at trial.

**ANALYSIS**

In this case, because the postconviction court did not conduct an evidentiary hearing, this Court must accept Thomas's allegations to the extent they are not refuted by the record. *See Allen v. State*, 854 So. 2d 1255, 1259 (Fla. 2003).

As to Dixon, Thomas argues that the State failed to disclose evidence that the State had dropped charges against Dixon, and he further gave false testimony at his deposition and the trial when he stated that he did not have any dropped State charges. Thomas argues that this information would have been vital to impeaching Dixon at trial. However, this information would have been cumulative to the information presented at trial because the jury heard that Dixon had three prior felony convictions, was currently incarcerated at the Duval County Jail on federal charges for possession with intent to distribute cocaine, and was awaiting sentencing after pleading guilty to the federal charges without a plea bargain. Therefore, the jury was made aware of Dixon's possible "motives for testifying, including the prospect of receiving a plea deal." Further, the additional impeachment evidence Thomas claims does not undermine the evidence presented

to the jury of Thomas's guilt, which is explained above. Thus, Dixon has failed to prove prejudice to sustain a *Brady* claim or materiality to sustain a *Giglio* claim. Accordingly, I concur in result as to Thomas's claim regarding Dixon.

As to Cason, Thomas argues that the State failed to disclose that Cason's plea deal was based solely on his assistance in gathering evidence against Thomas and did not require Cason to testify at Thomas's trial, as evidenced by testimony in Cason's 2000 postconviction hearing. Further, Thomas claims that, at his deposition, Cason presented false or misleading testimony when he failed to disclose that his plea deal with the State did not include his testifying during Thomas's trial. Thomas argues that the defense could have used this information to show Cason was acting as a State agent when he encouraged Thomas to speak freely with him in front of Dixon.

The record is insufficient to determine whether Thomas is entitled to relief on this claim. First, as to the *Brady* claim, it was not defense counsel's responsibility to assume Cason's deposition testimony was false and continue digging to determine whether the plea deal encompassed more or less than what Cason claimed. As I explained in *Pittman v. State*, 90 So. 3d 794 (Fla. 2011):

> [T]he majority could be read to approve of a due diligence requirement in *Brady* when *Brady* has no such requirement. . . .
> This would of course be a serious misstatement of the purpose of *Brady*, which imposes the important requirement on prosecutors "to learn of any favorable evidence known to the others acting on the government's behalf in the case," *Kyles v. Whitley*, 514 U.S. 419, 437,

(1995), and to produce that evidence if it is material.  This Court has explicitly stated: "[W]e point out that there is no 'due diligence' requirement in the *Brady* test and that the prosecutor is charged with possession of what the State possesses . . . ."  *Archer v. State*, 934 So. 2d 1187, 1203 (Fla. 2006).  As more fully explained by this Court in *Archer:*

> [W]e have held that a defendant is not required to compel production of favorable evidence which is material, in that the evidence tends to negate the guilt of the accused or tends to negate the punishment.  To comply with *Brady*, the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case and to disclose that evidence if it is material.  *The postconviction court is in error to the extent that the court's order is read to mean that [the defendant] had to demonstrate "due diligence" in obtaining favorable evidence possessed by the State or that the prosecutor's obligation was only to give to [the defendant] favorable evidence which was in the prosecutor's personal possession.*

*Id.* at 1203 (emphasis added) (citations omitted).  Of course, if the defendant knew of the evidence or had possession of it, then there could not be a *Brady* claim because the evidence could not be found to have been withheld from the defendant.

*Id.* at 820-21 (Pariente, J., concurring in result).

Further, Thomas's *Giglio* claim rises and falls on the truthfulness of Cason's deposition testimony regarding his plea deal.  Thus, I would grant an evidentiary hearing to further develop the claim.

## CONCLUSION

For these reasons, I concur in result as to the per curiam opinion's conclusion that Thomas is not entitled to relief on his *Brady*/*Giglio* claims

- 7 -

regarding Dixon but dissent as to Thomas's claim regarding Cason, on which I would grant an evidentiary hearing.

An Appeal from the Circuit Court in and for Duval County,
     Marianne L. Aho, Judge - Case No. 161993CF005394AXXXMA

Bjorn E. Brunvand and J. Jervis Wise of Brunvand Wise, P.A., Clearwater, Florida; and Martin J. McClain of McClain & McDermott, P.A., Wilton Manors, Florida,

     for Appellant

Pamela Jo Bondi, Attorney General, and Jennifer A. Donahue, Assistant Attorney General, Tallahassee, Florida,

     for Appellee